**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
427 Riverview Plaza
Trenton, New Jersey 08611
(609) 695-6070
(609) 695-6071
Andrea Dobin
Ross J. Switkes
*Counsel to Andrea Dobin, Chapter 12 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ANTHONY M. MORTELLITE, JR. and COLLEEN MORTELLITE,<br><br>Debtors. | Case No. 17-21818 (ABA)<br><br>Chapter 12<br><br>Honorable Andrew B. Altenburg, Jr. U.S.B.J. |
| In re:<br><br>BLUES BROTHERS, LLC,<br><br>Debtor. | Case No. 17-21820 (ABA)<br><br>(Jointly Administered) |

**OBJECTION OF ANDREA DOBIN, CHAPTER 12 TRUSTEE TO DEBTORS' MOTION SEEKING AN ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL AND VACATING ORDER VACATING AUTOMATIC STAY**

Andrea Dobin, Chapter 12 Trustee (the "Trustee"), by and through her undersigned counsel and by way of objection to the motion seeking an order authorizing continued use of cash collateral and vacating order vacating automatic stay (the "Motion") of Anthony M. Mortellite, Jr. and Colleen Mortellite (the "Individuals") and Blues Brothers, LLC ("Blues Brothers," and collectively, the "Debtors") states as follows:

## BACKGROUND

1. On June 8, 2017, the Debtors filed voluntary petitions under Chapter 12 of the Bankruptcy Code. The Trustee was appointed to serve as the Chapter 12 Trustee for the Debtors shortly thereafter.

2. On June 22, 2017, the Court entered an Order authorizing the joint administration of the Debtors' cases. Docket No. 26.

3. On August 9, 2017, the Court entered a Final Order Authorizing Use of Cash Collateral, Adjourning Stay Relief Motion, Scheduling Confirmation Hearing, and Granting Other Related Relief (the "Cash Collateral Order"). Docket No. 65. The Cash Collateral Order authorized the Debtors to use cash collateral from August 1, 2017 to October 4, 2017. Id.

4. On September 6, 2017, the Debtors filed their Chapter 12 Plan (the "Plan"). Docket No. 79.

5. On October 4, 2017, the Court conducted a confirmation hearing and denied confirmation of the Plan. On the same date, the Court granted the stay relief motion of Farm Credit East, ACA ("Farm Credit").

6. On October 6, 2017, the Court entered an Order Denying Confirmation of Amended Chapter 12 Plan. Docket No. 115. This Order requires the Debtors to file an amended Chapter 12 plan by October 20, 2017. Id.

7. Also on October 6, 2016, the Court entered an Order Vacating Automatic Stay as to Farm Credit. Docket No. 116.

8. On October 9, 2017, the Debtors filed the instant Motion.

## OBJECTION

9. The Trustee is sympathetic to the Debtors current apparently dire financial condition. The Trustee, however, has significant concerns regarding the Motion and the Debtors' prospects of reorganization.

10. Preliminarily, the Trustee respectfully submits that the Motion is procedurally and substantively deficient. Arguably, to reinstate the automatic stay, the Debtors should file an adversary proceeding under Fed. R. Bankr. P. 7001(7) as the relief sought is injunctive relief. See In re Simonson, 2007 WL 703542, at *3 (Bankr. D.N.J. March 2, 2007).[1] Thus, the complaint must set forth the basis for the injunctive relief and meet the standards of Fed. R. Bankr. P. 7065. Id. In addition, as the Debtors seek to vacate the order granting stay relief, arguably, a motion for reconsideration would have been appropriate under Fed. R. Bankr. P. 9023 or a motion for relief from judgment pursuant to Fed. R. Bankr. P. 9024. Further, the Debtors cite no legal authority for the relief sought, but instead, despite the gravity of this situation, solely rely on a factual certification.

11. This case has been rife with similar half-measures which have led, at least in part, to the dire straits the Debtors are facing. As a result, the Trustee has significant concerns about the status of this case and the Debtors' ability to confirm a plan. At the confirmation hearing on October 4, 2017, the Debtors presented no documentary evidence whatsoever concerning feasibility. Further at the hearing, the Debtors did not address the need for continued use of cash collateral (despite the Cash Collateral Order setting a clear deadline), or present opposition to

---

[1] The Trustee recognizes that this Court maintains a form motion to reinstate stay on its website, but, submits that it is provided primarily for self-represented litigants.

3

Farm Credit's oral request for entry of the stay relief order. Now, the Debtors are trying to save their case by and through the Motion.

12. While the Trustee recognizes that the Debtors have until October 20, 2017 to file a modified plan, to date, the Trustee has not been presented with any financial records (e.g., budgets, projections, bank statements), or a draft modified plan that has changed her position concerning the Debtors' prospects of reorganization. Absent a <u>significant</u> improvement in the Debtors' financial condition, and adequate evidentiary proof of such improvement, the Trustee respectfully submits that there is no path to reorganization for either of these Debtors. In fact, the feasibility bar has been set higher as since the October 4, 2017 confirmation hearing, unsecured claims totaling $46,203.92 (Proof of Claims No. 23-1 and 24-1) have been filed in the Individuals' case and $3,487.60 (Proof of Claim No. 9-1) in Blues Brothers' case making the measly dividend proposed in each case not meaningful. The Trustee will not support confirmation where the Debtors retain all of their assets and creditors receive pennies (not "pennies on the dollar," but, in fact, pennies).

13. Finally, it is noteworthy that the proposed order submitted with the Motion solely seeks authority for the Individuals to use "cash collateral" and completely ignores Blues Brothers' need for the use of cash collateral to operate its business. This strategy is problematic for at least three (3) reasons. First, it ignores Blues Brothers' needs to fund its operation. To wit, the Debtors' July monthly budget contained farm-related expenses for October 2017 in the amount of $3,000. <u>See</u> Docket No. 57. Second, absent Blues Brothers' authorization to use cash collateral, no funds can flow to the Individuals from Blues Brothers for their use; an Order

4

authorizing the Individuals' use of cash collateral is no cure to their current dilemma.[2]  Finally, even if Blues Brothers had authority to use cash collateral, the Trustee submits that it is inequitable to the creditors of Blues Brothers to fund the Individuals' living expenses as there is no benefit provided to the Blues Brothers estate in exchange for any such expenditures.

## CONCLUSION

14. The Trustee repeats her sympathy for the Debtors and their current financial condition.  Based upon the foregoing, however, the Trustee respectfully requests that the Motion be denied.

                                                    Respectfully,

                                                    **TRENK DIPASQUALE**
                                                    **DELLA FERA & SODONO, P.C.,**
                                                    *Counsel to Andrea Dobin,*
                                                    *Chapter 12 Trustee*

                                        By:      */s/ Ross J. Switkes*
                                                        ROSS J. SWITKES

Dated: October 17, 2017

4843-9600-8238, v. 1

---

[2]  The Individuals have suggested that they intend to obtain alternative source(s) of income through third-party employment. The Trustee supports that effort.  Importantly, such income would not be subject to the restrictions on use of cash collateral as they are unrelated to Farm Credit's collateral. This effort may, in fact, be the solution that the Individuals need to implement.