# CORBETT LAW FIRM LLC



_____

**303 Walnut Avenue, Evesham, New Jersey, USA 08053-7016**
**Phone: 1-856-767-0910**
Fax: 1-908-847-0369
Email: CorbettLaw@CorbettLaw.net
Website: www.CorbettLaw.net

**John E. Corbett**
Email:  JECorbett@CorbettLaw.net

November 8, 2017

Hon. Andrew B. Altenburg, Jr.
United States Bankruptcy Court District of New Jersey
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, NJ 08101

Re:    Anthony M. Mortellite, Jr. and Colleen Mortellite
       Case No. 17-21818 (ABA)

Dear Judge Altenburg:

Please accept this letter as Lance Henry's objection to confirmation of debtors' Second Amended Chapter 12 Plan ([#152](#152)).  A confirmation hearing is scheduled for November 17, 2017.

Mr. Henry objects to confirmation of the amended plan because it fails to make any provision for cessation and remediation of the damage to his adjacent property ([#064-1](#064-1), [#064-2](#064-2)) during its three-year term.  Flooding damage continues post-petition and debtors need to do something about it before three years elapse.

Your Honor may recall that debtors consented to an order granting Mr. Henry relief from the automatic stay ([#081](#081)) to continue litigation of issues raised in *Henry v. Mortellite et al*, CAM-L-3745-15 [1].  At present, the matter has been raised to the Camden County Agricultural Development Board (CCADB) because of a statutorily-mandated prerequisite to civil action in the New Jersey courts.  N.J.S.A. 4:1C-10.1.  We anticipate that the CCADB will dispose of the matter well within the three-year duration of the proposed Chapter 12 Plan.  The CCADB does not have the power to award damages nor to order debtors to cease the discharge of water onto Mr. Henry's land.  Thus, it seems inevitable that the dispute will return to state court within the term of the proposed Chapter 12 plan.

Thus far, Mr. Mortellite has been defended by his insurer.  The stay relief is limited to collection of pre-petition damages from insurance proceeds.  However, when the case returns to state court, the damages sought will include injunctive relief as well as post-

---

[1] Other than for injunctive relief which claim has nonetheless been preserved.

petition money damages. Those damages will accrue so long as the flooding condition is not remediated.

It is difficult to say how much reserve might be appropriate. This is the first time that debtors have disclosed a budget. Moreover, prior discovery in the state court proceeding has not explored the limits of Mr. Mortellite's liability insurance coverage nor is his litigation strategy entirely clear. Nevertheless, it seems unrealistic for debtors not to have made at least some economic provision for remediation of the flooding condition, the management of the economic risk associated with continued litigation, or both. The amended plan includes Mr. Mortellite's outside income and is nevertheless slightly cash-flow-negative across its term. That is, there is no reserve for unlisted expenses. Additionally, considering the size of the post-petition component of Mr. Henry's claims[2] and debtors' limited resources[3], the need for a litigation reserve can hardly be considered as being satisfied by debtors' representation that "… future income from on-going operations [will] meet all of [debtors'] post-confirmation obligations not otherwise provide [by the plan}". Second Amended Plan §V.

The absence of a non-trivial litigation reserve in the amended plan raises serious doubt about compliance with 11 U.S.C. §1225(a)(6). Therefore, it is respectfully requested that this Court decline to confirm the debtors' Chapter 12 plan without the incorporation of a reasonable provision to stop the flow of storm water onto the Henry property and to compensate for post-petition damage.

I am prepared to defend this position with oral argument if the Court or the debtors request it. However, unless the plan is materially modified, or oral argument is desired, I will rely on this written objection and not request to be heard at the November 17th hearing.

Thank you for your consideration of this matter.

                                            CORBETT LAW FIRM LLC
                                            Attorney for Lance Henry

                                            /s/ John E. Corbett

                                            JOHN E. CORBETT, Esq.

JEC|hmcl

---

[2] Mr. Henry's proof of claim (#21) details estimated post-petition damages of $137,747.93 using the optimistic assumption that flooding remediation will be complete and the residence will have been renovated by June 20, 2019. The component of damages for loss of use of the property is $62.46/day thereafter.

[3] Debtors' "Projected Farm Activity" (#153-1) analysis offered to describe the amended plan includes $54,500.00 in unearned income that debtors characterize as "gifts" from Bill Mortellite, presumably a relative.